THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEPHEN E. WHITTED,

    Plaintiff,

  v.

PETER WINFIELD JORDAN, *et al.*,

    Defendants.

CASE NO. C18-0642-JCC

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Defendants Peter Jordan and Lori Jordan's (collectively, the "Jordans") motion for Rule 11 sanctions against Plaintiff (Dkt. No. 38). Under Federal Rule of Civil Procedure 11:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of

information.

Fed. R. Civ. P. 11(b). If a party fails to comply with Rule 11(b), the Court has discretion to impose an appropriate sanction, including awarding the prevailing party's reasonable expenses or attorney fees. Fed. R. Civ. P. 11(c)(1).

The Jordans assert that Plaintiff's claims violate Rule 11(b) because they are unwarranted by existing law or any good faith argument, have no evidentiary support, and were filed to harass the Jordans. (Dkt. No. 38.) The Court declines to impose Rule 11 sanctions on Plaintiff at this juncture of the case. Therefore, the Jordans' motion for Rule 11 sanctions (Dkt. No. 38) is DENIED.

DATED this 22nd day of April 2019.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk
