THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN E. WHITTED,<br><br>    Plaintiff,<br><br>    v.<br><br>PETER JORDAN, *et al.*,<br><br>    Defendants. | CASE NO. C18-0642-JCC<br><br>ORDER |

This matter comes before the Court on Defendants Peter and Lori Jordan's (collectively the "Jordans") motion for attorney fees (Dkt. No. 88) and Plaintiff Stephen Whitted's response (Dkt. No. 91). Having considered the parties' briefing, as well as the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the Jordans' motion (Dkt. No. 88) for the reasons explained herein.

The Court has described the facts of this case in a prior order and will not do so again. (*See* Dkt. No. 87.) On June 13, 2019, the Court granted the Jordans' motion for summary judgment, dismissed Mr. Whitted's claims with prejudice, and granted the Jordans' motion for sanctions pursuant to Federal Rule of Civil Procedure 11. (*Id.* at 30.) In granting the Jordans' motion for Rule 11 sanctions, the Court concluded that Mr. Whitted's claims were frivolous and intended to harass the Jordans. (*Id.* at 27–30.) The Court ruled that Mr. Whitted would be required to pay the Jordans' reasonable fees incurred in defending against this lawsuit. (*Id.* at

30.) The Jordans filed a timely motion for attorney fees (Dkt. No. 88), and Mr. Whitted filed a timely response (Dkt. No. 91).

District courts employ a two-step process to calculate a reasonable fee award. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court calculates the lodestar figure, which represents the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court determines whether to increase or reduce that figure based on several factors that are not subsumed in the lodestar calculation. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). There is a "strong presumption" that the lodestar figure represents the reasonable fee award. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

To determine a reasonable billing rate, the Court generally looks to "the forum in which the district court sits." *Camacho v. Bridgeport Fin.*, *Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The presumptive reasonable hourly rate for an attorney is the rate the attorney charges. *Broyles v. Thurston Cty.*, 195 P.3d 985, 1004 (Wash. Ct. App. 2008). The applicable geographic area for determining a reasonable hourly rate for the Jordans' counsel is the entire Puget Sound region. *Id.*

The Jordans' counsel, David Corbett, charges $150 per hour for legal work and $50 per hour for clerical work. (Dkt. No. 89 at 2.) Mr. Corbett's rates are well below the rates charged by most lawyers in the Puget Sound area and that have been found to be reasonable by this Court. *See, e.g.*, *Campbell v. Catholic Cmty. Servs. of W. Washington*, No. C10-1579-JCC, Dkt. No. 120 at 3 (W.D. Wash. 2012) ($350/partner, $250/associates, $125/support staff). The Court finds these rates particularly reasonable given Mr. Corbett's education and experience. (*See* Dkt. No. 89 at 1–2.)

"The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A district court should exclude from the

lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Mr. Corbett submitted detailed billing records, which show that he spent 277 hours on legal work and 22 hours on clerical work. (Dkt. No. 89 at 2.)[1] Having reviewed Mr. Corbett's billing records, the Court does not find any excessive, redundant, or unnecessary work that could not reasonably be billed to a private client. Furthermore, Mr. Corbett completed extensive motions practice in this case, including a motion for summary judgment, motion for Rule 11 sanctions, and a joint discovery motion. (*See* Dkt. Nos. 8, 38, 68.) In light of these circumstances, the Court finds that Mr. Corbett reasonably expended 277 hours on legal work and 22 hours on clerical work.

Multiplying Mr. Corbett's hourly rates with the total number of hours expended gives a lodestar figure of $42,705. The Court finds that figure reasonable and places particular emphasis on the results achieved by Mr. Corbett on behalf of the Jordans. Although Mr. Whitted filed a response, he neither opposed Mr. Corbett's billing rates nor suggested that the amount of time Mr. Corbett expended on the case was unreasonable. (*See* Dkt. No. 91.) In other words, Mr. Whitted does not challenge the reasonableness of the Jordans' proposed attorney fee award. Instead, Mr. Whitted argues that the Court erred by granting Rule 11 sanctions. (*Id.*) Mr. Whitted's response amounts to a motion for reconsideration; however, the Court will not consider his arguments because they are both untimely and improperly filed. *See* W.D. Wash. Local Civ. R. 7(h) ("A motion for reconsideration shall be plainly labeled as such.").[2]

For the foregoing reasons, and pursuant to the Court's prior order (Dkt. No. 87), the Jordans' motion for attorney fees is GRANTED. Mr. Whitted is ORDERED to pay the Jordans' attorney fees in the amount of $42,705 as a sanction pursuant to Rule 11. Following the Court's

---

[1] The Court includes in its calculation the 4.5 hours Mr. Corbett spent on drafting and filing the Jordans' reply brief. (*See* Dkt. Nos. 92, 93.)

[2] Mr. Whitted was required to file a motion for reconsideration by June 27, 2019. (*See* Dkt. No. 87); W.D. Wash. Local Civ. R. 7(h). Mr. Whitted's response was filed July 3, 2019. (Dkt. No. 91.)

1 | entry of final judgment, the Clerk is DIRECTED to close this case.

2 | DATED this 11th day of July 2019.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-0642-JCC
PAGE - 4